THOMAS G. JARRARD
Law Office of Thomas G. Jarrard, PLLC
1020 N. Washington Street
Spokane, WA  99201
Telephone: (425) 239-7290
Email:  tjarrard@att.net

MATTHEW Z. CROTTY
Crotty & Son Law Firm, PLLC
905 W. Riverside Ave, Suite 404
Spokane, WA 99201
Telephone:   (509) 850-7011
Email:  matt@crottyandson.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTER DISTRICT OF WASHINGTON

| | |
|---|---|
| Brett Martinson,<br><br>           Plaintiff,<br><br>     v.<br><br>Central Pierce Fire & Rescue,<br><br>           Defendant. | CASE NO.  21-cv-5036<br>COMPLAINT FOR VIOLATIONS OF USERRA, WLAD AND DEMAND FOR TRIAL BY JURY<br><br>EXEMPT FROM FILINGFEES UNDER 38 U.S.C. § 4323(h)(1) |

### I.      INTRODUCTION

1.      This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 - 4335 (USERRA), and is exempt from filing fees under 38 U.S.C. § 4323(h)(1).

2.      Plaintiff, Brett Martinson (hereinafter "Mr. Martinson" or "Plaintiff"), by the undersigned attorneys, avers as stated herein.

COMPLAINT AND JURY DEMAND - 1

## II.     PARTIES AND JURISDICTION

3.      Mr. Martinson resides in the State of Washington and was an employee of Defendant, Central Pierce Fire & Rescue since 1998.  After the events of September 11, 2001, Mr. Martinson enlisted as a member of the Washington National Guard in March of 2002.

4.      Central Pierce Fire & Rescue (hereinafter "Defendant" or "CPFR") maintains a place of business within this District, located at 17520 – 22nd Ave. E., Tacoma, WA 98445.

5.      For the purposes of 38 U.S.C. §§ 4303(4) and 4323(c)(2) Defendant, Central Pierce Fire & Rescue is a private employer operating within the State of Washington.

6.      All acts complained of occurred within the Western District of Washington.

7.      The Federal Court for the Western District of Washington has personal jurisdiction over the parties and subject matter jurisdiction for the claims in this complaint pursuant to 38 U.S.C. § 4323(b), 28 U.S.C. § 1331, 28 U.S.C. § 1367(a).

8.      Venue is proper in the Western District of Washington under 38 U.S.C. § 4323(c) and 28 U.S.C. § 1391(b), because the acts and omissions complained herein occurred in this District, and Defendants conduct business here.

## III.     FACTS

9.      Mr. Martinson was hired as a firefighter/paramedic by Defendant in 1998.

10.      In March 2002, Mr. Martinson joined the Washington Army National Guard.

11.      Service in the Washington Army National Guard which includes monthly drills (which customarily happen on the weekend), annual training (usually two weeks), skill training (months) and, overseas deployments (months-to-years).

COMPLAINT AND JURY DEMAND - 2

12.     Between 2002 through 2007 Mr. Martinson attended military training or deployments for:

- Approximately 25 days in 2002;

- Approximately 120 days in 2003;

- Approximately 366 days in 2004;

- Approximately 365 days in 2005;

- Approximately 48 days in 2006;

- Approximately 48 days in 2007;

13.     In late 2007 through 2008, Mr. Martinson applied for a teaching position within the fire department as a paramedic airway management technician.

14.     Approximately seven others also applied for the paramedic airway management technician position.  All seven other applicants were selected.

15.     None of the other applicants that were selected for that position had a military service obligation.

16.     Shortly thereafter, Mr. Martinson asked Assistant Chief of Emergency Medical Service ("EMS"), Judy Murphy, why he was not selected.  Assistant Chief Murphy stated that, "You didn't get the position due to your status in the military".   Mr. Martinson explained to Assistant Chief Murphy that was unlawful discrimination, and then walked across the hallway to Deputy Chief Doug Willis and reported what happened.  Deputy Chief Willis was visibly upset and stated that that would never happen again and that it would be dealt with.

17.     From April 27, 2013 through July 30, 2013, Mr. Martinson was on deployment with the military.  During his deployment, the CPFR announced a lieutenant promotion test that would occur in September.   Mr. Martinson returned to the CPFR in

COMPLAINT AND JURY DEMAND - 3

August, met with HR staff member Stephanie Glass, and requested to take the lieutenant promotion test with an accommodation (an alternate testing date) that would allow him equal time as his peers to prepare for the exam.  Ms. Glass informed Mr. Martinson that the CPFR was drafting a policy.  Mr. Martinson applied for the lieutenant test.  Two weeks later, Mr. Martinson followed up on his alternate test date accommodation request with HR Manager Candis Martinson.   The HR Manager denied the request for an accommodation and Mr. Martinson was forced to take the assessment center with all promotional candidates, without reasonable preparation time contravention of USERRA, 20 C.F.R. 1002.139(b).

18.     This gave Mr. Martinson only two weeks to prepare for the testing, although his absences for military leave consumed at least three months of the lieutenant test preparation period.

19.     Shortly after Mr. Martinson's return from deployment, he requested, through the Washington State Department of Retirement Systems, per CPFR policy, that his pension service credits be restored for the months he was absent for military service. The request was denied, in contravention of USERRA, 20 C.F.R. 1002.259.

20.     In July 2015, Mr. Martinson deployed to Afghanistan.  Immediately prior to his deployment he met with HR, payroll, the Assistant Chiefs of EMS and Operations, and a union representative.  The purpose of the meeting was to address any issues that may arise due to Mr. Martinson's deployment.  Given his prior experience regarding lieutenant testing, Mr. Martinson requested to take a make-up upon his return if there was testing held while he was on deployment.

21.     The CPFR held the lieutenants' test for eight individuals while Mr. Martinson was deployed, and none had a military service obligation.

COMPLAINT AND JURY DEMAND - 4

22.     At least six individuals who applied were promoted to lieutenant, and none had a military service obligation.

23.     Mr. Martinson returned from active duty on March 7, 2016.

24.     After his return, Mr. Martinson requested an alternate/makeup lieutenant test date, and both the HR Director Candise Martinson and the EMS Chief Dan Beckman denied the request in contravention of USERRA, 20 C.F.R. 1002.139(b).

25.     Mr. Martinson was denied make-up promotion testing.

26.     Shortly after Mr. Martinson's return from deployment, he requested that his service credits be restored for the months he was absent for military service.  The request was denied and Defendant's agent demanded that Mr. Martinson pay contributions for periods of time while he was on military leave in contravention of USERRA, 20 C.F.R. 1002.259.

27.     In June 2018, Mr. Martinson deployed to South Korea for six months.

28.     In October 2018, during his deployment, CPFR announced a Suppression Lieutenants test scheduled for April 29, 2019.   The test has two components, an assessment center, and a written test.

29.     Mr. Martinson returned from deployment and reported back to CPFR on January 14, 2019.   Within thirty days of his return, Mr. Martinson requested an accommodation for the test date, so that he would have equal time as his peers to prepare for the exam.

30.     Shortly after Mr. Martinson's return from deployment, he requested that his service credits be restored for the months he was absent for military service.  The request was denied and Defendant's agent demanded that Mr. Martinson pay contributions for

periods of time while he was on military leave in contravention of USERRA, 20 C.F.R. 1002.259.

31.    In March 2019, Mr. Martinson was called to active duty for twenty-four days.

32.    On April 29, 2019, Suzi E. Schwabe, Human Resources Director denied Mr. Martinson's request (paragraph 30 above) for accommodation and he was forced to take the assessment center with all promotional candidates, without reasonable preparation time contravention of USERRA, 20 C.F.R. 1002.139(b).

33.    Mr. Martinson was given only twenty-four (24) additional days to prepare for the written test, although his absences for military leave consumed at least four months of the lieutenant test preparation period.

34.    Mr. Martinson suffered harms and losses as a result of Defendant's discrimination.

35.    Defendant participates in the Law Enforcement Officers' and Fire Fighters' Retirement System (LEOFF) Plan 2, a defined benefit plan administered by the Washington Department of Retirement Systems.

36.    Mr. Martinson is a vested Member of LEOFF 2.

37.    LEOFF 2 members may retire at age 53.

38.    Mr. Martinson's LEOFF 2 Retirement Plan Summary shows seventeen (17) missing months of service credit, each of which corresponds to his military service dates.

39.    LEOFF 2 retirement benefit is determined by a formula of years of service credit (times) 2% (times) Final Average Salary.   Accordingly, to enjoy the same retirement benefits, without significant financial loss, Mr. Martinson will be forced to work an additional seventeen months before he may retire.

40.     Defendant's employees are eligible for employer contribution to a deferred compensation and VEBA plans.  Mr. Martinson did not receive these contributions during various periods of military leave in 2013, 2016, 2016 and 2018.

41.     At all times relevant hereto, Defendant had a duty to conduct itself in compliance with the law, including USERRA and WLAD and ensure its managers and agents followed the Act.

42.     The above-referenced actions by Defendants breached those duties.

43.     Defendants' actions are the direct and proximate cause of Mr. Martinson's damages.

44.     To the extent that Defendant alleges application of any agreement that constitutes any limitation on Plaintiff's rights under USERRA, it is illegal, null and void, inapplicable and of no force or effect pursuant to 38 U.S.C. § 4302.

45.     Defendant posts workplace posters that set out employer responsibilities under USERRA, as required by 38 U.S.C. § 4334.

46.     As a result of Defendant's unlawful conduct in violation of USERRA and the necessity of this action to seek a remedy, Mr. Martinson fears further retaliation against his employment rights by Defendant or its managers, directors or employees. As such, any employment relationship that Mr. Martinson may have enjoyed with Defendants prior to the filing of this action is irreparably damaged through no fault of Mr. Martinson.

## V.  CAUSES OF ACTION

42.     Defendant violated Mr. Martinson's rights as guaranteed by USERRA, including, but not limited to: § 4311 discrimination and retaliation in employment; §§ 4312, 4313 reemployment rights; and § 4318, and 20 C.F.R. § 1002.259 pension

1   benefits.  Defendant's actions further violated Mr. Martinson's rights as guaranteed by

2   the Washington Law Against Discrimination.

3   **(NO. 1 – VIOLATION OF 38 U.S.C. § 4311(a) – DISCRIMINATION)**

4   43.   Under 38 U.S.C. § 4311(a) an employee shall not be denied a benefit of

5   employment on the basis of a duty to perform a military obligation.   Benefits of

6   employment "means the terms, conditions, or privileges of employment, including any

7   advantage, profit, privilege, gain, status, account, or interest (including wages or salary

8   for work performed) that accrues by reason of an employment contract or agreement or

9   an employer policy, plan, or practice and includes rights and benefits under a pension

10  plan, a health plan, an employee stock ownership plan, insurance coverage and awards,

11  bonuses, severance pay, supplemental unemployment benefits, vacations, and the

12  opportunity to select work hours or location of employment." 38 U.S.C. § 4303(2).

13  44.   Mr. Martinson's military service obligation was a motivating factor in

14  Defendant's denial of various benefits of employment, *inter alia*, denial of advancement

15  opportunities and denials of requests for make-up promotional testing.

16  45.   Defendant's denial of said benefits of employment and subsequent acts,

17  constitute adverse employment actions that have caused Mr. Martinson damages in an

18  amount to be proven at trial.

19  **(NO. 2 VIOLATION OF 38 U.S.C. §§ 4312 & 4313)**

20  46.   Defendant violated 38 U.S.C. §§ 4312, 4313, among other ways, by failing

21  to reemploy Mr. Martinson in a position of seniority, status and pay, with other rights and

22  benefits determined by seniority plus the additional seniority and rights and benefits that

23  Mr. Martinson would have attained had he remained continuously employed, including

24  advancement opportunities.

COMPLAINT AND JURY DEMAND - 8

47.     Defendant violated 38 U.S.C. §§ 4312, 4313, by denying Mr. Martinson the opportunity to make up the promotional tests he missed during his military service.

48.     Defendant further violated §§ 4312, 4313 by failing to promote Mr. Martinson to Lieutenant as set out in paragraphs 20 - 23 above. For it is reasonably certain that Mr. Martinson would have escalated into a Lieutenant position (just like his six other non-military peers did) had he not underwent his military service.

**(NO. 3 – VIOLATION OF 38 U.S.C. §§ 4302 and 4318)**

48.     Defendant violated 38 U.S.C. §§ 4302 and 4318 of USERRA, among other ways, by maintaining a retirement plan that imposes requirements on servicemembers beyond those required or permitted by USERRA and by (1) placing additional prerequisites on Mr. Martinson's right to receive service credits immediately upon reemployment; and (2) refusing to credit Mr. Martinson's retirement plan with months of service credits that he accrued while on active duty military service, and deferred compensation.

**(CLAIM FOR LIQUIDATED DAMAGES – 38 U.S.C. § 4323)**

49.     Plaintiff is entitled to liquidated damages under USERRA because the Defendants knew, or showed reckless disregard for whether its conduct was prohibited under USERRA.

50.     Liquidated damages, in the USERRA context, allows double lost wage/benefit damages if it is proven that the Defendant knowingly or recklessly disregarded USERRA's provisions.

51.     Defendant's willful violations of USERRA include, but are not limited to, Defendant's systematic violations of § 4318 in which Defendant refuses to give pension

service credit to Mr. Martinson even though Defendant was aware of its pension funding/service credit obligations under the law.

52. Since Defendant's violation of USERRA § 4318 is willful, then Mr. Martinson is allowed liquidated (double) damages which, in this instance, would be double pension service credit.

## V.    PRAYER FOR RELIEF

Plaintiff respectfully prays for:

A. An Order declaring as a matter of law, Defendant's retirement plan violates USERRA by (1) placing additional prerequisites on Mr. Martinson's right to receive service credits immediately upon reemployment; and (2) refusing to credit Mr. Martinson with service credits he accrued while on active duty military service.

B. An Order requiring that Defendants comply with USERRA by immediately crediting Mr. Martinson the seventeen (17) missing service credits that he accrued while on active duty military service and then doubling that credit due to the willful nature of that USERRA violation.

C. An Order declaring that Mr. Martinson is entitled to his attorney fees, litigations expenses and costs incurred in bringing this action to obtain his retirement service credits, through the date that such credits are restored.

D. An Order requiring Defendant to make contributions to Mr. Martinson's retirement account within 30-days of when Mr. Martinson returns to work following the completion of qualifying military leave

E. Equitable relief as mandated by Congress pursuant to 38 U.S.C. § 4323(e), including temporary or permanent injunctions, temporary restraining orders, and

1  contempt orders, to vindicate fully the rights or benefits of persons under this chapter,

2  and as necessary to prevent future harm to Mr. Martinson and other servicemembers.

3      F.      An Order declaring as a matter of law that Defendants' violations of

4  USERRA were willful, pursuant to 38 U.S.C. § 4323(d)(1)(C); and

5      G.      Compensation for all injury and damages suffered by Mr. Martinson

6  including, but not limited to, both economic and non-economic damages, in the amount

7  to be proven at trial including back pay, front pay, pre and post judgment interest, lost

8  benefits of employment, adverse tax consequences of any award for economic

9  damages, liquidated damages for willful violations as it relates to the improper

10  withholding of wages and benefits and general damages relating to emotional distress

11  and mental anguish damages as provided by law.

12      H.      Plaintiff's reasonable attorneys, expert fees, and costs, pursuant to 38

13  U.S.C. § 4323, and as otherwise provided by law, as well as the *private attorney general*

14  theory of recovery of reasonable attorney fees and costs in employment related cases.

15      I.      An Order requiring that Defendants comply with USERRA by immediately

16  arranging a make-up lieutenants test for the testing Mr. Martinson was denied in 2016,

17  promote him to lieutenant effective, and credit his seniority to March 7, 2016.

18      J.      For such other and further relief as this Court deems just and equitable.

19                              **JURY TRIAL DEMAND**

20      Pursuant to Rule 38 of the Federal Rules of Civil Procedure or any similar rule or

21  law, Plaintiff demands a trial by jury for all causes of action and issues for which trial by

22  jury is available.

23      Respectfully submitted this January 13, 2020.

24                          */s/ Thomas G. Jarrard*
                            THOMAS G. JARRARD

COMPLAINT AND JURY DEMAND - 11

Law Office of Thomas G. Jarrard, PLLC
1020 N. Washington Street
Spokane, WA  99201
Telephone: (425) 239-7290
Email:  tjarrard@att.net

*/s/ Matthew Z. Crotty*
MATTHEW Z. CROTTY
Crotty & Son Law Firm, PLLC
905 W. Riverside Ave, Suite 404
Spokane, WA 99201
Telephone:   (509) 850-7011
Email:  matt@crottyandson.com

*Attorneys for Plaintiff*

COMPLAINT AND JURY DEMAND - 12