Ronald A. Van Wert, WSBA #32050
Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C.
618 W. Riverside Ave., Ste. 210
Spokane, Washington 99201
Telephone: (509) 747-9100
Fax: (509) 623-1439
rvw@ettermcmahon.com

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRETT MARTINSON,<br><br>               Plaintiff,<br><br>vs.<br><br>CENTRAL PIERCE FIRE & RESCUE,<br><br>               Defendant. | No. 3:21-cv-05036-BHS<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

Defendant Central Pierce Fire & Rescue (hereinafter referred to as "CPFR") hereby answers the Plaintiff's Complaint and asserts its affirmative defenses thereto.

## ANSWER TO PLAINTIFF'S COMPLAINT

### I.  Introduction

1.    This paragraph does not contain an allegation and, therefore, does

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
PAGE 1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

not require an answer.

2.      This paragraph does not contain an allegation and, therefore, does not require an answer.

## II.   PARTIES AND JURISDICTION

3.      CPFR admits that Mr. Martinson was an employee of CPFR since 1998.  Defendants lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 3 and therefore denies the same.

4.      Admit.

5.      Admit.

6.      Admit that all acts alleged occurred in the Western District of Washington; however, deny any wrongful acts occurred as alleged.

7.      Admit that the United States District Court for the Western District of Washington has jurisdiction over this matter as alleged; deny any wrongful acts occurred in violation of the referenced statutes to trigger jurisdiction.

8.      Admit that the United States District Court for the Western District of Washington is the proper venue based on the alleged facts; deny

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
PAGE 2

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

any wrongful acts occurred in violation of the referenced statutes to trigger venue.

### III. FACTS

9.  Admit that Mr. Martinson was hired by CPFR as a firefighter/paramedic on April 9, 1998.

10. CPFR lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 and therefore denies the same.

11. CPFR lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 and therefore denies the same.

12. Admit that Mr. Martinson was deployed for military purposes as follows:

  • 2002; CPFR lack knowledge or information sufficient to form a belief about the truth of Paragraph 12 relating to 2002 and therefore denies the same.

  • 2003—180 days

  • 2004—366 days

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
PAGE 3

ETTER, MCMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

- 2005—365 days

- 2006—85 days

- 2007—47 days.

13.    CPFR records do not reach back 13-14 years; consequently, CPFR lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 and therefore denies the same; CPFR is prejudiced by Plaintiff's delay in bringing such allegation.

14.    CPFR records do not reach back 13-14 years; consequently, CPFR lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 and therefore denies the same; CPFR is prejudiced by Plaintiff's delay in bringing such allegation.

15.    CPFR records do not reach back 13-14 years; consequently, CPFR lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 and therefore denies the same; CPFR is prejudiced by Plaintiff's delay in bringing such allegation.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
PAGE 4

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

16.  CPFR records do not reach back 13-14 years; consequently, CPFR lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 and therefore denies the same; CPFR is prejudiced by Plaintiff's delay in bringing such allegation.

17.  Admit that Mr. Martinson was deployed in parts of 2013, but deny his deployment during the exact dates alleged in paragraph 17 based on military orders on record with CPFR.  Admit CPFR made an announcement on April 17, 2013 that the Lieutenant Promotional Testing Process would run from approximately September 16, 2013 – October 23, 2013.  Admit Mr. Martinson returned from leave on August 16, 2013, and completed retraining.  Admit Mr. Martinson applied for the Lieutenant's test on September 9, 2013.  Admit that CPFR was drafting a policy as of September 3, 2013, to manage the testing process for individuals on leave.  Deny remaining allegations in paragraph 17 and any inferences therefrom.

18.  Deny.

19.  CPFR lacks knowledge or information sufficient to form a belief

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

about the truth of the allegations contained in Paragraph 19 and therefore denies the same.  CPFR maintains no control over the Washington State Department of Retirement Systems ("DRS"). There is no agency relationship between CPFR and DRS.

20. Deny that a meeting took place as alleged "immediately prior to [Mr. Martinson's] deployment."  Deny Mr. Martinson ever requested to make-up testing being held during his deployment. Deny remaining allegations in paragraph 20 and any inferences therefrom.

21. Deny.

22. Admit that an eligibility list for the Shift EMS Lieutenant position was effective from October 12, 2015 through June 30, 2017, and consisted of 13 individuals; six individuals received a promotion. The remainder of paragraph 22 is denied.

23. Admit that Mr. Martinson was deployed in parts of 2016, but deny his deployment during the exact date alleged in the Complaint based on military orders on record with CPFR.

24. Deny.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
PAGE 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

25.   Deny.

26.   Mr. Martinson's request as alleged, if it occurred, would have been made to DRS.  CPFR lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 and therefore denies the same.  CPFR maintains no control over DRS.  There is no agency relationship between CPFR and DRS.

27.   Admit that military orders evidence deployment from 06/01/2018-01/16/2019.

28.   Admit.

29.   Admit that Mr. Martinson returned to duty on January 14, 2019. Deny the remainder of paragraph 29.

30.   Mr. Martinson's request as alleged, if it occurred, would have been made to DRS.  CPFR lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 and therefore denies the same.  CPFR maintains no control over DRS.  There is no agency relationship between CPFR and DRS.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
PAGE 7

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

31.   CPFR has no military orders confirming this allegation and, therefore, denies the same.

32.   Deny.

33.   Deny.

34.   Deny.

35.   Admit.

36.   Admit.

37.   Admit contingent upon the member having at least five service credit years.

38.   Deny.  CPFR maintains no control over DRS.  There is no agency relationship between CPFR and DRS.

39.   Admit to the retirement benefit formula as stated.  CPFR denies the remainder of paragraph 39.

40.   Admit that CPFR firefighters are eligible for contribution to the deferred compensation and VEBA plans in accordance with the applicable collective bargaining agreement.   Admit that Mr. Martinson's payroll history reflects periods of time in which no contribution was made to his deferred compensation or VEBA

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
PAGE 8

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

accounts.   Deny the remainder of paragraph 40 or any inferences therefrom.

41.   Paragraph 41 is legal argument for which no response by CPFR is warranted.   CPFR recognizes its obligation to comply with all applicable laws.

42.   Deny.

43.   Paragraph 43 is legal argument for which no response by CPFR is warranted.  To the extent a response is necessary, CPFR denies the allegations of paragraph 43.

44.   Paragraph 44 is legal argument for which no response by CPFR is warranted.

45.   Admit that CPFR posts all necessary workplace posters, including those relating to USERRA.

46.   Deny.

## V.    CAUSES OF ACTION

**[The Complaint does not include a section IV, so skipped to maintain consistency with the Complaint.  Also, the Complaint starts this section with No. 42.  The Complaint's numbering is maintained for consistency.]**

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
PAGE 9

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

42.   Deny.

**(NO. 1—VIOLATION OF 38 U.S.C. § 4311 (a)—DISCRIMINATION)**

43.   38 U.S.C, § 4311(a) speaks for itself.   To extent paragraph 43 paraphrases or is inconsistent with the cited statute or applicable law, it is denied.

44.   Deny.

45.   Paragraph 45 is legal argument for which no response by CPFR is warranted.  The factual allegations of paragraph 45 are denied.

**(NO. 2—VIOLATION OF 38 U.S.C. § 4312 & 4313)**

46.   Deny.

47.   Deny.

48.   Deny.

**(NO. 3—VIOLATION OF 38 U.S.C. § 4302 & 4318)**

**[The Complaint starts this section with No. 48.   The Complaint's numbering is maintained for consistency.]**

48.   Deny.

**(CLAIM FOR LIQUIDATED DAMAGES 38 U.S.C. § 4323)**

49.   Paragraph 49 is legal argument for which no response by CPFR is

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
PAGE 10

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

warranted.  The factual allegations of paragraph 49 are denied.

50.    Paragraph 50 is legal argument for which no response by CPFR is warranted.  To the extent a response is necessary, the allegations of paragraph 50 are denied.

51.    Deny.

52.    Deny.

## V.    PRAYER FOR RELIEF

**[The Complaint has two sections designated "V.", which is repeated herein to maintain consistency with the Complaint.]**

Having fully answered the allegations contained within the Complaint, CPFR hereby denies that Plaintiff is entitled to any of the relief requested therein.

## JURY TRIAL DEMAND

The statutes cited by Plaintiff in support of his various causes of action under USERRA do not expressly provide for a jury trial.  CPFR reserves the right to move for a bench trial.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## CPFR's AFFIRMATIVE DEFENSES

Having fully answered Plaintiff's Complaint, CPFR hereby submits the following AFFIRMATIVE DEFENSES:

(1) Plaintiff is estopped, by reason of his own conduct and actions, from asserting the alleged claims herein.

(2) Plaintiff has waived the right, by reason of his own conduct and action, to assert the alleged claims herein.

(3) Plaintiff's claims are barred by the doctrine of laches.

(4) Plaintiff's claims are barred because any action taken by CPFR was for legitimate, non-discriminatory reasons.

(5) Plaintiff's claims are barred because any action taken by CPFR was not motivated by Plaintiff's military service.

(6) Plaintiff's claims are barred because any action taken by CPFR would have taken place in the absence of Plaintiff's membership or obligation for military service.

(7) Plaintiff's claims are barred because any action taken by CPFR was reasonable under the circumstances of the particular event in controversy.

(8) If Plaintiff sustained any damage or injury as alleged in the Complaint, the

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

same was not caused by any fault of CPFR but was proximately caused by Plaintiff's own conduct.

(9)  CPFR has not imposed a materially adverse employment action against Plaintiff for any reason, including his actions to enforce any protection guaranteed by USERRA.

(10) If Plaintiff sustained any damage or injury as alleged in the Complaint, the same was not due to any act or omission by or on the part of CPFR, but was due to the failure of Plaintiff to mitigate such damage or injury.

(11) Plaintiff was a less qualified applicant than others selected for promotion based on objective testing without consideration of military service, except to provide a scoring advantage to Plaintiff per state law.

(12) CPFR did not deny Plaintiff of a "benefit of employment" within the meaning of USERRA.

(13) Any claims arising prior to October 10, 2004, are barred by the statute of limitations.

(14) CPFR has no agency relationship with DRS.

(15) CPFR has no control over DRS.

CPFR hereby explicitly reserves the right to amend this Answer and add

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

additional Affirmative Defenses as discovery and investigation in this matter continue.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint and filed its Affirmative Defenses, Defendants pray for the following relief:

(1)    An Order dismissing the Complaint with prejudice.

(2)    An Order awarding CPFR its reasonable costs and attorney's fees as allowed by law.

For such other and further relief as law and equity allow.

Dated March 22, 2021.

By:    /s/ Ronald A. Van Wert
       Ronald A. Van Wert, WSBA #32050
       Etter, McMahon, Lamberson,
       Van Wert & Oreskovich, P.C.
       618 W. Riverside Ave., Ste. 210
       Spokane, WA  99201
       Telephone:  509-747-9100
       Fax:  509-623-1439
       Email: rvw@ettermcmahon.com

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
PAGE 14

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 22, 2021, I electronically filed the following document:

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Thomas G. Jarrard
tjarrard@att.net

Matthew Z. Crotty
matt@crottyandson.com

/s/ Ronald A. Van Wert
Ronald A. Van Wert, WSBA #32050

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT
PAGE 15

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100